UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MERCADO,

    Plaintiff,                                            Hon. Robert J. Jonker

v.                                                             Case No. 1:10-CV-1061

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (Dkt. #21). Plaintiff's counsel seeks $6,128.50 in fees and costs, as detailed in his application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989).  However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

On February 14, 2012, the undersigned recommended that the Commissioner's decision be reversed and this matter be remanded for further factual findings.  Neither party objected to this recommendation which was subsequently adopted by the Honorable Robert J. Jonker.  Counsel now moves the Court for an award of attorney's fees pursuant to the EAJA.  Defendant opposes the present motion on the ground that the Commissioner's decision was substantially justified.  Defendant argues, in the alternative, that should an award of fees be appropriate that counsel's request be decreased to reflect more reasonable hourly rates.  In his application, Counsel seeks an award of $6,128.50.  Specifically, counsel seeks payment for 36.2 hours of work performed by himself and another attorney at hourly rates ranging from $125 to $177.50.  Counsel also seeks payment for 2.1 hours of work performed by a paralegal at an hourly rate of $100.

First, the Court is not persuaded that the Commissioner's position was substantially justified.  As detailed in the February 14, 2012 Report and Recommendation, the ALJ failed to properly evaluate the opinion evidence offered by one of Plaintiff's treating physicians.  Specifically, the ALJ subjected Plaintiff to the long discredited "sit and squirm" test.  The ALJ also badly mischaracterized

the evidence of record to support his decision to discredit the opinions expressed by Plaintiff's treating physician. The Court certainly recognizes that the mere fact that the Commissioner's decision was reversed does not, by itself, lead to the conclusion that the Commissioner's decision was not substantially justified as reasonable people can reasonably disagree about such matters. In the Court's estimation, however, a decision can rarely (if ever) be substantially justified when such is premised on such clear violations of legal authority and blatant mischaracterizations of the record. Accordingly, the undersigned concludes that the Commissioner's decision in this matter was not substantially justified.

Having determined that counsel is entitled to an award of fees under the EAJA, the Court must determine whether counsel's request is reasonable. While the Court finds the number of hours expended on this matter to be reasonable, the hourly rates on which counsel's request is based are largely inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

As the Sixth Circuit has indicated, the EAJA's statutory hourly rate "is a ceiling and not a floor." *Begley v. Secretary of Health and Human Services*, 966 F.2d 196, 199 (6th Cir. 1992) (quoting *Chipman v. Secretary of Health and Human Services*, 781 F.2d 545, 547 (6th Cir. 1986)). Furthermore, counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009). Moreover, as the *Bryant* court made clear, counsel does not satisfy his burden in this regard by submitting "only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees." *Id.*

In support of his request to be compensated at an hourly rate in excess of the EAJA statutory rate, counsel merely relies on the Consumer Price Index, as well as the assertion that billing rates are higher in Chicago, Illinois where counsel is located. As Defendant correctly notes, however, the relevant market for assessing the reasonableness of an attorney fee request is "the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains an office and/or normally practices." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). The Court, therefore, finds counsel's submissions on this question insufficient to merit an award based on an hourly rate in excess of the statutory amount. The Court, therefore, concludes that payment for the services rendered by both attorneys in this matter be based upon an hourly rate of $125.[1]

The Court also agrees with Defendant that the rate requested for paralegal services in this matter is a bit unreasonable. Counsel seeks payment for paralegal services in this matter at an hourly rate of $100. While such may be an appropriate amount in the Chicago area, such is greater than the hourly rate of $75 this Court has approved in previous matters. While not dispositive, the Court notes that this hourly rate is consistent with that found to be reasonable by other courts. *See, e.g., Trim v. Astrue*, 2012 WL 1340671 at *2 n.1 (W.D.N.C., April 18, 2012) (finding that "a rate of $65.00 per hour is reasonable and in keeping with the prevailing market rates for paralegals in this District"); *McKay v. Barnhart*, 327 F.Supp.2d 263, 270 (S.D.N.Y. 2004) ("the prevailing rate for paralegal services in the

---

[1] The Court is unpersuaded by Defendant's argument that the work performed by Suzanne Blaz, the other attorney who worked on this matter, should be compensated at less than the EAJA statutory rate simply because the law firm for which she works classifies her as a "law clerk." Ms. Blaz earned her Juris Doctor degree from an accredited law school and performed work in this matter that is customarily performed by licensed attorneys. Ms. Blaz is, therefore, entitled to be compensated as an "attorney" regardless of her job title.

Southern District of New York is $75 per hour"). Accordingly, the Court concludes that an appropriate and reasonable hourly rate for the paralegal services rendered in this matter is $75.

In sum, therefore, the undersigned recommends that counsel's request for fees be granted in the amount of four-thousand, six-hundred, eighty-two dollars and fifty cents ($4,682.50) (36.2 hours multiplied by $125 plus 2.1 hours multiplied by $75). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the undersigned further recommends that this amount be paid to Plaintiff not his attorneys.

In *Astrue*, a Social Security claimant prevailed on her claim for benefits after which her attorney moved for an award of fees under the EAJA. *Id.* at 2524. The fee request was granted, but before the award was paid the United States discovered that the claimant "owed the Government a debt that predated the District Court's approval of the award." The United States, therefore, sought an administrative offset (expressly permitted by statute) against the fees award to satisfy part of the claimant's debt. *Id.* The claimant's attorney subsequently intervened in the matter opposing the Government's position. *Id.* at 2525. The district court found that counsel lacked standing to challenge the offset. The Eighth Circuit reversed, concluding that the fee award was payable to the claimant's attorney. The Supreme Court agreed to review the case to resolve a circuit split on the question. *Id.*

The Supreme Court, based on a straightforward interpretation of the relevant statutory text, concluded that the EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2525-27. The Court concluded that the "Government's history of paying EAJA awards directly to attorneys in certain cases does not compel a different conclusion." *Id.* at 2528. As the Court observed, the Government "most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees

award to the attorney" and "has since continued the direct payment [to attorneys] only in cases where the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Several courts have subsequently concluded that while *Astrue* makes clear that an award of EAJA fees is payable to the claimant (i.e., it is the claimant's property), nothing in the *Astrue* decision prevents or renders invalid an otherwise appropriate assignment of EAJA fees by a claimant to her attorney. *See, e.g., Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir., Aug. 5, 2011); *Cowart v. Commissioner of Social Security*, 795 F.Supp. 2d 667 (E.D. Mich., June 13, 2011). The Court does not necessarily disagree with this particular conclusion. Nevertheless, such does not justify payment of an EAJA award directly to counsel.

Counsel has included with his motion a copy of a document, titled "Assignment of EAJA Fee," in which Plaintiff appears to "assign any right or interest" he may have "in the award of an EAJA fee" to counsel and requests that any such EAJA fees "be paid to my attorney." (Dkt. #21, Exhibit H). While the Court does not question the authenticity of this agreement, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to his attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not his attorney, and the Court declines to disregard such clear and controlling direction.

Accordingly, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part** as detailed herein and, furthermore, that such fees be paid directly to Plaintiff.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff be awarded four-thousand, six-hundred, eighty-two dollars and fifty cents ($4,682.50) in fees and costs and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 6, 2012                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge