UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. MERCADO,

    Plaintiff,                      Case No. 1:10-CV-1061

v.                                HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Michael Mercado, has filed an Objection (docket #24) to Magistrate Judge Ellen S. Carmody's Report and Recommendation issued August 6, 2012 (docket #23). The Report and Recommendation recommends that this Court grant in part and deny in part Mercado's motion for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Mercado's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

## I. Background

Mercado filed this action for district court review of a final decision by the Commissioner of Social Security denying Mercado's claims for Disability Insurance Benefits and Supplemental Security Income. On February 14, 2012, the magistrate judge issued a Report and Recommendation recommending that the district court reverse the Commissioner's decision and remand for further factual findings under 42 U.S.C. § 405(g). On March 3, 2012, this Court adopted the Report and Recommendation without objection. Mercado later moved for attorney's fees under the EAJA. The magistrate judge issued a Report and Recommendation recommending that this Court grant the motion in part and deny it in part. Specifically, the magistrate judge found that Mercado was entitled to fees, but that Mercado had not satisfied his burden of proof that his requested hourly rate was reasonable under the EAJA. Instead, the magistrate judge recommended that fees be granted in the amount of $4,682.50—reflecting an hourly rate of $125—rather than the $6,128.50 requested. The magistrate judge also recommended that the amount be paid to Mercado, not directly to his attorneys.

Mercado filed a timely objection, arguing (1) that the hourly rates, ranging from $125 to $170, were reasonable, and (2) the Court should pay the fees directly to Mercado's counsel.

## II. Legal Standards

Under the EAJA, the amount of attorney's fees awarded

> shall be based upon the prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). "In requesting an increase in the hourly-fee rate, [plaintiffs] bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). A

plaintiff "must produce satisfactory evidence—in addition to the attorney's own affidavit—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (internal quotation marks omitted).

### III. Discussion

In this case, the magistrate judge determined that Mercado failed to satisfy his evidentiary burden of showing that the requested rates were reasonable because Mercado's evidence failed to establish that the rates were reasonable in "the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area wherein he maintains an office and/or normally practices." (Report and Recommendation, docket #23, Page ID 410 (quoting *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000).) Now, in support of his objection, Mercado has produced affidavits from attorneys practicing Social Security law in Chicago and Wisconsin. Mercado argues that this evidence supports both that the increased hourly rate is reasonable and that there is a lack of available attorneys in this market willing to represent clients in Social Security cases without an increased hourly rate. However, Mercado's new evidence fails to support either of these points. First, none of the evidence addresses a reasonable rate in the Grand Rapids or western Michigan legal market, which is the market of the venue of the Court. *See Adcock-Ladd*, 227 F.3d at 350. Second, although the other attorneys aver that they would not represent clients in Social Security cases without an increased hourly rate, the evidence does not establish the specialized circumstances required by the EAJA because it does not show that there is a lack of attorneys in the Grand Rapids or western Michigan area willing to take on Social Security cases. It merely establishes that those foreign attorneys would not take Social Security cases at a lower hourly rate. Mercado's evidence is therefore unavailing.

Mercado also objects that the magistrate judge should have recommended that the attorney's

3

fees be paid directly to Mercado's counsel rather than Mercado. In *Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521 (2010), the Supreme Court held that EAJA "awards the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Id.* at 2526–27. Mercado agrees that where a litigant owes a federal debt the fee should be paid to the litigant, but argues that in cases in which a litigant does not owe a debt, it is appropriate for the court to pay fees directly to the attorney. Here, Mercado argues that the Court "should indicate that any EAJA fee, once opposing counsel has verified there are no debts to the Federal Government, can be made payable to counsel herein or at least the check should be sent in care of counsel to [counsel's] office." (Docket #24, Page ID 420.) Mercado also produced a document titled "Assignment of EAJA Fee," in which Mercado appears to have assigned any interest that he may have in an EAJA fee to his counsel. The magistrate judge determined that awarding payment directly to Mercado's counsel would, in effect, be a determination of Mercado's contractual obligation to his attorney, despite that the issue was not properly before the Court. Therefore, the magistrate judge declined to order that the fees be paid directly to counsel, observing that to do otherwise could adversely impact the rights of individuals or entities not presently before the Court. On objection, the Court agrees with the magistrate judge's reasoning and, finding no compelling support for Mercado's position, the Court will approve and adopt the magistrate judge's recommendation.

### IV. Conclusion

After conducting a de novo review of the Report and Recommendation, Mercado's objections, and pertinent portions of the record, the Court finds that the magistrate judge's recommendation is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the magistrate judge (docket #23) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection is **OVERRULED**.


Dated: December 12, 2013                      /s/ Robert J. Jonker
                                                                   ROBERT J. JONKER
                                             UNITED STATES DISTRICT JUDGE